EDWARD WOOTTEN, Ex'r. of P. ROBINSON *vs.* N. P. HARRIS.

EDWARD WOOTTEN *vs.* N. P. HARRIS.

N. P. HARRIS, use of CONOWAY *vs.* SMITH.

W. sued out a fi. fa. attachment against H. and laid it in the hands of S., who died before answer. An alias was then laid in the hands of the executor of S., and, on a rule to show cause why he should not be compelled to answer, he was discharged.

TWO writs of fi. fa. attachment were issued (one to April term, 1849, the other to October term, 1849,) at the suit of Edward Wootten vs. Nathaniel P. Harris; and the attachment was laid in the hands of David R. Smith, on the 27th of November, 1848, and 10th of April, 1849. On the 20th of April, 1849, a rule was laid on

Smith to answer or plead, but before answer he died. An alias fi. fa. attachment was issued to April term, 1850, and laid in the hands of his executor on the 1st of November, 1849.

Nathaniel P. Harris obtained a judgment against David R. Smith, and issued execution on the 26th of October, 1849. This judgment was assigned to Minos T. Conoway, on the 3d of April, 1850.

The plaintiff, Edward Wootten, now elected to take the answer of Smith's executor, and had a rule to show cause why he should not be compelled to answer.

Conoway, as assignee of Harris, moved to discharge the executor of Smith from the attachment, swearing that the assignment was made to him on a consideration, without fraud, *as he believed.*

*Mr. Bayard,* for the Wootten judgments.—The question is, whether the attachment lien on the fund in the hands of Smith, or of his executor, has a preference to the claim of Conoway. This does not depend on the validity of the assignment to Conoway, though that would, on such an affidavit as this, be regarded as fraudulent. I agree that no proceeding can be taken against an administrator, to make a specific lien on goods in his hands, so as to disturb the administration; but where a lien has been established in the life time of the testator, the goods go in the executor's hands, subject to such lien; a lien on the goods by attachment cannot be different from a lien upon goods by execution. If an execution had been issued and levied against Mr. Smith, in his life time, its lien would have continued upon the goods in the hands of his executor: why then should not the attachment lien continue in the hands of the executor?

*Mr. Cullen.*—The case has been argued as if the attaching creditor had a judgment lien against David R. Smith. That is not so. His judgment was against N. P. Harris. Smith was summoned as a garnishee; but never answered. His answer was delayed, because no judgment had been recovered by Harris. As no answer of Smith was ever taken, no lien as against him was ever acquired; the process was discharged by his death. An executor or administrator cannot be summoned as a garnishee. (3 *Harr. Rep.,* 267.) There is but one exception. (*Ibid.*) The reason is, that it disturbs the course of administration; by it the executor might be obliged to pay a simple contract debt before the specialties; which would confuse all the system of administration.

This debt of Conoway is now a judgment and execution against

Smith's executor, levied on Smith's goods; yet the object is to make this attachment, not yet having gone to judgment, have precedence to this execution. If the executor, by leave of the court, comes in and answers to this attachment, how will the judgment on that answer protect the estate against the judgment of Conoway? And how is the sheriff, who has this execution in hand, to be relieved from collecting the money on the execution? It would be the same thing on a plea of nulla bona, and trial. Conoway could not be heard, and could not be bound by such trial. The executor ought not then to be permitted to answer.

*Mr. Bayard*, in reply.—No answer has been given to the main point. What removes the lien which had accrued before Mr. Smith's death? By the garnishment a legal lien was obtained on this debt, in the hands of the testator. How is this discharged by his death? It is a lien on the credits; just as an execution levied is a lien on the goods. The death will not in either case remove the lien. The principle of not allowing a disturbance of the order of administration, is for the protection of the estate; it is not for the benefit of the creditors. Why should the death remove the lien? The attachment is not suspended nor the lien waived, because the answer is not made. The party may be attached after many terms; if there be continuatory process. A lien by levy on execution is not removed by death of the defendant, nor by the lapse of several terms. Giving validity to the attachment will not in any respect disturb the administration of his estate; though it will stay the execution of Harris' judgment. And in regard to a preference over other creditors of Smith, it is only the preference which the lien gives; the judgment would be of assets.            Rule discharged.

*Bayard*, for plaintiff.
*Cullen*, for defendant.